■ WILLIAM HIGGINS & SONS, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39928.) — Judgment modified on the law and facts in accordance with the memorandum and as so modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: The State has appealed from the judgment insofar as it allows $1,362.95 for Portland cement, $27,600 for temporary steel sheet piling and $463.53 for interest on the final payment. The cement for which claim was made was used in the concrete placed outside the neat lines of certain footings provided for in the contract. There is no dispute that when excavating in rock it is impossible to blast and drill to a precise line. Therefore, the excavation may be larger than the minimum size for the footings described as neat lines. The contract plans provided: " The footings shall be placed on a rock foundation from which all loose or disintegrated rock has been removed. The dimensions of the footings shall be as indicated on the plans and any excavation in the rock outside of the neat lines shall be replaced with Class 1 concrete, Item 20, at the contractor's expense." There is no dispute that claimant excavated outside the neat lines and was required to replace the excess rock excavated with concrete. While no claim is made for the concrete exclusive of the cement incorporated in the concrete, claimant does make claim for the additional cement

which was incorporated in the concrete used to replace the excess rock excavated outside the neat lines. Basically claimant's position is that the limitation on the amount of concrete which the State will pay for does not apply to cement and that the State agreed to pay for all cement actually used on the job. While the contract calls for separate payment for the cement, it clearly provides that the State will only pay for concrete within the neat lines. It further clearly states that if rock is removed outside the neat lines the contractor is required to bear the expense of replacing the rock and in replacing the rock Class 1 concrete, Item 20, of which cement is an ingredient, must be used. To allow payment for cement incorporated in the concrete poured outside the neat lines would be to allow part payment of the cost of the concrete poured outside the neat lines directly contrary to the contract provisions. The award of $1,362.95 therefore should be disallowed. Claimant was fully paid for all sheet steel piling placed in its planned position. The trial court, however, erroneously allowed it the additional amount of $27,600 under a measurement and payment provision of the contract which was intended to be applied only in cases where the plans did not show the manner of determining the square-foot area to be paid for. Here the plans show that the piling would extend only from bedrock to the surface grade. Claimant having been fully paid in accordance with the applicable provision of the contract for the square-foot quantity of piling placed in its planned position the $27,600 item in the judgment should be disallowed. Claimant failed to accept tender of the final payment and thus waived interest thereon. (*Wood* v. *State of New York*, 12 N Y 2d 25, 29; *Groves & Sons Co.* v. *State of New York*, 24 A D 2d 829; *Yonkers Contr. Co.* v. *State of New York*, 26 A D 2d 766.) The allowance of $463.53 interest on the final payment should, therefore, be disallowed. The judgment should be modified by deleting therefrom the allowances of $1,362.95 for Portland cement, $27,600 for temporary steel sheet piling and $463.53 for interest on the final payment and as so modified it should be affirmed, without costs. All concur except Goldman and Henry, JJ., who dissent in part in the following Memorandum: We concur in the disallowance of $27,600 for temporary steel sheet piling and $463.53 for interest but dissent from the disallowance of $1,362.95 for Portland cement and vote to affirm the judgment insofar as it allows that item. In our opinion the provision of the contract, that concrete used in replacing the excavation in rock outside the neat lines shall be at contractor's expense does not preclude recovery by claimant for cement used in such concrete. The specifications treat concrete and cement as separate items. The word " concrete " includes the cost of labor, materials and equipment except cement and reinforcement which will be paid for separately under their appropriate items. The separate item for cement says that payment will be made at the unit price bid for the number of barrels incorporated in the work in accordance with the plans and specifications. The $1,362.95 item of the judgment was for cement so incorporated in the work and in our opinion it was properly allowed. (Appeal from judgment of Court of Claims for claimant on a claim on a contract.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.